# Haire v. Chilson.

February 25, 1947.

Roscoe Conkling, Judge.

Joseph J. Hancock and Carl K. Helman for appellant.

Finley F. Gibson for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This suit was instituted in October, 1945, by Eula Lee Haire against Carrie Bart Chilson to recover damages for personal injuries alleged to have been sustained by Miss Haire while she was a tenant in a rooming house belonging to Mrs. Chilson. Mrs. Chilson is a resident of Missouri and the summons was executed by delivering a copy to her agent, Finley F. Gibson. Mrs. Chilson moved to have the return on the summons quashed on the ground that at the time it was served on Mr. Gibson she was not doing business in the state. This motion was sustained. Subsequently the court refused to set aside that order and this appeal followed.

Mrs. Chilson and her husband were joint owners of the property, and when he died in August, 1944, she inherited his part. The property was sold in April, 1945. After Mr. Chilson's death, Mrs. Hinton, whom he had employed to look after the property, continued to collect rents from the roomers and turn them over to Mr. Gibson, who then passed them on to Mrs. Chilson. Mr. Gibson was also serving as administrator of Mr. Chilson's estate. Miss Haire alleged that she was a tenant in the rooming house and that she sustained her injuries in December, 1944.

The appellant contends that the summons was good by virtue of section 51, sub-section 6 of the Civil Code of Practice, as amended in 1944, Acts 1944, c. 159. This section follows:

"When any association or any company other than a corporation or when any individual has, for the transaction of any business, an office or agency in any county of this state other than that in which the principal resides, service of process may be had on the agent or manager in charge of such office or agency, in all actions growing out of or connected with the business of that office or agency."

The following paragraph of the appellant's brief clearly sets forth her contention:

"We contend that by reason of Appellee, a nonresident engaging in business in the State of Kentucky and of her operating such business through a resident agent, that process on such resident agent cannot be avoided. The right of service of process on such agent is irrevocable so long as any liability of the non-resident to any resident of the State continues and that service on such agent is not invalid because the non-resident has ceased doing business in the State or has revoked its agencies. Where the right or claim of the resident has intervened before the non-resident discontinued the operation of its business or before such non-resident revoked its agencies process on such agent is valid notwithstanding such revocation."

In support of this contention there are cited the cases of Commonwealth v. Provident Savings Life Assur. Society, 155 Ky. 197, 159 S. W. 698; Andonique v. Carmen, 151 Ky. 249, 151 S. W. 921; and 23 Am. Jur., Foreign Corporations, section 494, and several federal cases.

The Provident Savings Case involved the liability of a foreign insurance company which had withdrawn from the state. In that case it was held that such a company is doing business within the state so long as any of its policies are in force.

The facts in the Andonique Case are different from those in the case at bar, because the nonresident still owned the property at the time the summons was served

upon her agent. It was the owner's contention that the agent was only authorized to rent the property and was not her agent for the service of process, but this Court ruled otherwise.

The citation from American Jurisprudence to which reference is made relates to foreign corporations, and the heading of the section cited is "Scope and Duration of Consent by Qualification; in What Cases Service on Designated Agent is Effective to Confer Jurisdiction."

The position of Mrs. Chilson is that she had ceased doing business in the state several months before the action was instituted, and, therefore, had no agent in the state upon whom process could be served. We think this contention is sound. The provision of the Code permitting substituted service of process must be strictly construed. Greene v. Commonwealth, 275 Ky. 637, 122 S. W. 2d 523, 526.

In the Greene Case summonses were served on the attorneys for Mrs. Greene and others in Mason and Franklin Counties. Mrs. Greene and her associates were residents of Ohio and had formerly owned a ferry operating across the Ohio River at Maysville. However, the ferry had been disposed of when the summonses were served. The defendants moved to have them quashed, and in upholding that motion this Court said:

"But apart from this, it is obvious from the very language of the subsection under consideration, permitting a substituted service on a non-resident owner by a service upon the manager, agent or person in charge of such business in this state, in the county where the business is carried on, that it applies to a very different factual situation from that here presented, where the non-resident defendants did not, at the time such substituted service was attempted, own any property or carry on any business in Kentucky and, necessarily, did not have a manager, agent or person in charge of something they didn't own or have in the state."

We think the Greene Case is controlling here. Therefore, we are affirming the judgment.